J-S22007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAYON PINDER | : | |
| | : | |
| Appellant | : | No. 18 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 24, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001119-2019

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                                    **FILED JULY 25, 2022**

Dayon Pinder appeals from the judgment of sentence of ten to twenty years of incarceration that was reimposed following this Court's remand. ***See Commonwealth v. Pinder***, 256 A.3d 12 (Pa.Super. 2021) (non-precedential decision). We affirm.

The pertinent case history is as follows. Appellant was convicted by a jury of burglary and related offenses in connection with thefts at a townhouse in West Chester, Pennsylvania. In addition to establishing that Appellant was in possession of an item stolen in the burglary at the time of his arrest and that he earlier sold two others, the Commonwealth's evidence included testimony from a fingerprint expert witness, Corporal Melissa Sanzick. Corporal Sanzick testified that a handprint left on the outside of the window

that was the point of entry for the burglary matched the Appellant's post-arrest prints.

Appellant was sentenced to a term of ten to twenty years of incarceration. The Honorable Phyllis R. Streitel, who presided over Appellant's trial, granted his post-trial motion for a new trial based upon the weight of the evidence, without explanation, shortly before retiring from the bench. The Commonwealth appealed, and the Honorable Analisa Sondergaard authored an extensive opinion in support of Judge Sreitel's order.

This Court reversed the grant of a new trial. The focus on appeal was upon the testimony of the Corporal Sanzick, wherein this Court specifically addressed whether her testimony was given with the requisite degree of certainty, and whether the trial court's questioning on that issue was unnecessary and confusing for the jury. *See Pinder*, *supra* (non-precedential decision at 17-19). Upon review of Judge Sondergaard's opinion in light of the certified record, we concluded that the grant of a new trial was improper. Accordingly, we held as follows:

> [W]e conclude that the Commonwealth's evidence was clear, unequivocal, uncontradicted, and indeed overwhelming. [Appellant] did not present any evidence in his defense. Thus, we are unable to find any facts in the case which are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice to [Appellant]. Nor do we find that the Commonwealth's evidence was so tenuous, vague and uncertain that the verdict shocks the conscience of this Court. For these reasons, we conclude that Judge Streitel palpably abused her discretion when she determined that the verdict was against the weight of the evidence. Accordingly, we reverse the order

granting [Appellant] a new trial, and remand for reinstatement of the jury's verdict of guilt and the judgment of sentence.

*Id*. (non-precedential decision at 20) (cleaned up). Our Supreme Court subsequently denied Appellant's petition for allowance of appeal. *See Commonwealth v. Pinder*, 265 A.3d 206 (Pa. 2021).

On November 24, 2021, Judge Sondergaard reimposed Appellant's ten-to-twenty-year sentence. Thereafter, the court advised Appellant of his direct appeal rights. The Commonwealth initially suggested that Appellant had no further appellate rights because they had been exhausted. *See* N.T. Sentencing, 11/24/21, at 13. The trial court observed that the prior appeal was that of the Commonwealth from the order granting a new trial, not that of Appellant from his judgment of sentence, so his appellate rights remained fully intact. *Id*. at 13-14. The Commonwealth ultimately agreed. *Id*. at 14.

Appellant filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant presents one question for our consideration:

Whether the trial court properly granted Appellee's motion for a new trial when the jury's verdict was against the weight of the evidence, and the verdict of guilty on all counts shocked the conscience, particularly when the trial attorneys and the trial judge contributed to the confusion surrounding the testimony of the Commonwealth's expert witness, who failed to render a sufficient expert opinion?

Appellant's brief at 6.

The Commonwealth maintains that renewed examination of the trial court's exercise of discretion in disposing of Appellant's challenge to the weight

of the evidence supporting the jury's verdict is barred by the law of the case doctrine. *See* Commonwealth's brief at 7-9. We agree.

Among the tenets of the law of the case doctrine is that, "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." ***Commonwealth v. Bostian***, 232 A.3d 898, 907 (Pa.Super. 2020) (cleaned up). Stated differently, "when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous." ***Commonwealth v. Gacobano***, 65 A.3d 416, 420 (Pa.Super. 2013) (cleaned up). Indeed, deviation from applying the law of the case is allowable "only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." ***Commonwealth v. Viglione***, 842 A.2d 454, 464 (Pa. Super. 2004) (cleaned up).

The question Appellant presents in this appeal—whether the trial court properly granted him a new trial because the verdict was against the weight of the evidence—was considered and decided in the prior appeal. Appellant does not point to a change in the law or facts, or offer any basis for us not to adhere to that determination as law of the case. Rather, he wishes to have a

different panel of the same Court apply the same law to the same facts and reach a different result. That we cannot and will not do.

Therefore, because Appellant has given us no valid cause to disturb his judgment of sentence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022